UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Esther Sprei, individually and on behalf of all others similarly situated;<br><br>       Plaintiff,<br><br><br><br>  -v.-<br><br>Transworld Systems Inc.,<br><br>       Defendant(s). | Civil Action No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Esther Sprei (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Transworld Systems, Inc. (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and may be served with process upon CT Corporation System at 28 Liberty Street, New York, New York 10005.

9. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant sent a collection letter attempting to collect a consumer debt;

   c. in which the collection letter provides multiple points of contact for both the Defendant and the alleged creditor including the alleged creditor's telephone number, creating confusion as to who the debtor should contact for the purpose of disputing the debt and preserving all potential rights by doing so;

   d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. §§ l692e, 1692f, and l692g et seq.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. §§ l692e, l692f, and 1692g et seq.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FACTUAL ALLEGATIONS**

19. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Upon information and belief, at some time prior to July 2, 2021, an obligation was allegedly created to the original creditor, Boro Park OB GYN PC.

21. Upon information and belief, Boro Park OB GYN PC contracted with Defendant for the purpose of debt collection.

22. The original subject obligation arose out of medical treatment alleged to have been provided by Boro Park OB GYN PC. The subject debt was incurred by Plaintiff solely for personal, household, or family purposes.

23. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

24. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. Defendant was contracted for the purpose of debt collection. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

*Violation – July 2, 2021 Collection Letter*

26. On or about July 2, 2021, the Defendant sent the Plaintiff a collection letter ("Letter") regarding the alleged debt. (See Letter at Exhibit A.)

27. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

28. Similarly, pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

29. In addition to the prohibitions on certain tactics within correspondence sent by debt collectors, the FDCPA also requires that when a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. 1692g(a).

30. The FDCPA further provides that if the consumer notifies the debt collector in writing within the thirty-day period … that the debt, or any portion thereof, is disputed … the debt collector shall cease collection … until the debt collector obtains verification of the debt … and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

31. In the instant matter, the top of the letter provides a return address of "Transworld Systems Inc., Collection Agency, 500 Virginia Dr., Suite 514, Ft. Washington, PA 19034, 877-420-4789."

32. The Letter indicates that the Defendant's client's name is BORO PARK OB GYN PC and alleges a balance due in the amount of $50.00.

33. The Letter fails to specify that the Defendant's client is the alleged creditor or to identify the Defendant's client as the current creditor.

34. Nonetheless, within the body of the Letter, the same states that "[t]he creditor has requested that we contact you regarding the above-referenced account. Please be advised that the account remains unpaid."

35. The Letter then continues and lists multiple points of contact for both Defendant and its client, including a listing a separate address for the collection agency of "P.O. Box 17221, Wilmington, DE 19850 (in addition to the address provided at the top of the letter for the debt collector)," an additional address listing of "Boro Park OB GYN PC, P.O. Box 9581, Belfast, ME 04915-9581," as well as a listing for the "Our Client's Phone" of "718-972-2700."

36. The Letter wholly fails to provide any explanation as to for what purposes the Plaintiff should contact the alleged creditor at the telephone number provided.

37. The letter provides the "client's" phone number directly before the letter begins to attempt to advise that the Plaintiff of her rights in terms of disputing her alleged debt.

38. The Letter then continues by stating "[u]nless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid."

39. As there is a telephone number for the Defendant's client provided, but no explanation as to for what purposes the Plaintiff should utilize the same, and in light of the fact that the number appears directly before advising of the steps necessary to preserve the Plaintiff's rights in terms of disputing the debt, it would appear that the Plaintiff has the ability to contact the same orally for such purposes.

40. However, the Letter fails to explain that the Plaintiff may waive some rights depending on the method in which she disputes the debt, including if she were to contact the Defendant's client directly at the number provided. As noted, such telephone number was provided without any context regarding the same.

41. In addition to providing the Defendant's client's telephone number, as noted, the Letter separately provides a telephone number to reach the Defendant directly, but again, fails to provide any context as to when the Plaintiff should utilize the same and what rights she would actually preserve in doing so.

42. Similarly, the Letter lists three separate addresses to which the Plaintiff could potentially send correspondence, thus causing further confusion as to how the Plaintiff can preserve all of her rights under the FDCPA.

43. Defendant was required to inform Plaintiff of her rights to dispute the debt and to do so in a meaningful way that would allow Plaintiff an opportunity to exercise her right to dispute the debt and to preserve all of her rights resulting from any such dispute.

44. Defendant failed to meet such statutory obligation by sending the Letter to Plaintiff with three separate addresses and two separate telephone numbers while failing to properly and clearly state the purpose of providing the various methods and points of contact and/or advising

the Plaintiff as to how her rights could be impacted by failing to contact the proper entity, through the proper method.

45. As a result of the foregoing, the nature of the Letter is deceptive and misleading as to both the proper method and property entity to contact for the purpose of contesting the validity of the debt and preserving the Plaintiff's rights in terms of such a dispute.

46. Plaintiff was therefore confused as to how to properly dispute the debt and exercise her rights under § 1692 et seq.

47. Therefore, Plaintiff was unable to straightforwardly dispute the debt and/or preserve her rights regarding the same, resulting in wasted time.

48. Plaintiff was further unable to properly evaluate her options on how to handle this debt.

49. The Plaintiff was injured as a result of these numerous errors within the Letter sent by Defendant. Specifically, the Plaintiff incurred an informational injury as Defendant failed to properly notify the Plaintiff of her right to challenge the validity of the debt, including the proper method of doing so. Separately, but similarly, the Defendant was deceptive, misleading, and unclear as to who the Plaintiff should contact for the purpose of challenging the alleged debt.

50. Defendant's failure to properly articulate the Plaintiff's rights and the steps necessary to preserve such rights caused the Plaintiff to be unaware of the same.

51. Clearly, the Defendant's failure to properly articulate the Plaintiff's right to challenge the alleged debt, the method in which to properly challenge such alleged debt, as well as the proper entity to contact for such purposes was not only deceptive and misleading, but also left the Plaintiff unaware of her full rights under the law.

52. In addition, the alleged debt is not a valid debt because upon information and belief, the charge is erroneously based due to missed appointment, which in fact Plaintiff did not miss.

53. Therefore, the alleged debt being collected by Defendant has no basis.

54. It is deceptive and harmful to collect an alleged debt which has no basis.

55. Defendant knew or should have known that the alleged debt they are collecting is deceptive and has no basis.

56. Due to Defendant's actions, Plaintiff was concerned and confused by the Letter.

57. Defendant's actions were false, deceptive, and/or misleading.

58. Plaintiff was therefore unable to evaluate her options of how to handle this alleged debt.

59. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

60. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

61. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

62. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

63. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately

respond to Defendant's demand for payment of this alleged debt.

64. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

65. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

66. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

67. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

68. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

69. Defendant violated §1692e:

   a. By providing three separate addresses within the same correspondence in which it advised the Plaintiff of her rights, the Defendant failed to properly articulate to the Plaintiff how to preserve the same, including how to dispute the debt and preserve all rights resulting therefrom;

   b. Additionally, as the Letter conspicuously provides the phone number for its client immediately before discussing the Plaintiff's rights with regard to disputing the amount alleged to be due, without any context as to for what purposes the Plaintiff should call the provided telephone number, the Defendant's conduct is

        deceptive and misleading in violation of §1692e(10) in that it would appear that the Plaintiff can contact the creditor at that number to dispute the debt and preserve her rights; and

    c. By attempting to collect a debt which has no basis;

70. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

71. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

72. In the alternative, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

73. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

74. Defendant violated this section by unfairly providing multiple addresses and a two separate telephone numbers resulting in confusion over for what purposes the Plaintiff could and should utilize each potential point of contact, including, but not limited to, for the purpose of preserving all rights with regard to disputing the debt alleged and for attempting to collect a debt which had no basis.

75. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## **COUNT III**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
### **15 U.S.C. §1692g** *et seq.*

76. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

77. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

78. Pursuant to 15 U.S.C. § 1692g,

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed;
>
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> 4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

     5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

79. In addition to the required disclosures that must be made, the FDCPA further provides that if the consumer notifies the debt collector in writing within the thirty-day period … that the debt, or any portion thereof, is disputed … the debt collector shall cease collection … until the debt collector obtains verification of the debt … and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

80. Defendant violated these sections by providing three separate addresses and telephone numbers to both the Defendant and the alleged creditor without properly advising as to which method should be utilized by the Plaintiff to preserve her statutory rights.

81. Additionally, by providing the telephone number for the Defendant's client immediately prior to the required notice section, the Defendant improperly gave the impression that the Plaintiff could preserve some, if not all, of her rights by contacting the Defendant's client directly.

82. Accordingly, the Defendant failed to properly advise the Plaintiff of her rights, including how to preserve the same, by failing to clearly advise as to which entity should be contacted, as well as the method of contact that should be utilized.

83. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 162g et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

84. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Esther Sprei, individually and on behalf of all others similarly situated, demands judgment from Defendant Transworld Systems Inc. as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 27, 2021                                                            Respectfully Submitted,

                                                                **STEIN SAKS, PLLC**

                                                                **/s/ Raphael Deutsch**
                                                                Raphael Deutsch, Esq.
                                                                1 University Plaza, Suite 620
                                                                Hackensack, NJ 07601
                                                                Ph:  201-282-6500 ext. 102
                                                                Fax: 201-282-6501
                                                                rdeutsch@steinsakslegal.com
                                                                *Counsel for Plaintiff*